UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DAVID GRUENENFELDER,

    Plaintiff,

vs.

STANISLAUS COUNTY SHERIFF, et al.,

    Defendants

Case No. 1:13 cv 00620 GSA PC

ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT

AMENDED COMPLAINT DUE IN THIRTY DAYS

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, formerly incarcerated at the Stanislaus County Jail, brings this civil rights action challenging the conditions of his confinement.  Specifically, Plaintiff alleges that he was subjected to inadequate medical care.  Plaintiff names as defendants Captain Duncan and Dr. Smith.  Plaintiff's statement of claim in its entirety, follows: "Grievance filed to Capt. Duncan to get proper medical care as he is my last resort for administrative procedures before filing civil suit.  He denied me."  (Compl. ¶ IV.)

### A.     Medical Care

Plaintiff does not indicate whether he was a pretrial detainee or serving a sentence of confinement at the time the events at issue occurred.  The Eighth Amendment protects inmates

2

from cruel and unusual punishment, which includes the denial of medical care. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). Pretrial detainees, by contrast, are protected under the Due Process Clause of the Fourteenth Amendment. Conn v. City of Reno, 591 F.3d 1081 (9th Cir. 2010), citing Or. Advocacy Ctr. v. Mink, 322 f.3d 1101, 1120 (9th Cir. 2003).

The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally adequate medical and mental health care. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment, and a fortiori, the Fourteenth Amendment." Conn, 591 F.3d at 1094, quoting Farmer v. Brennan, 511 U.S. 825 (1994); Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998).

In order to state a claim based on deficient medical treatment, a plaintiff must first "show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' Second, the plaintiff must show the defendants' response to the need was deliberately indifferent. Conn, 591 F.3d at 1095, quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

While the deliberate indifference standard is applied under Constitutional provision, the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, governs plaintiff's claim for denial of medical care as a pretrial detainee. See Redman v. County of San Diego, 942 F.2d 1435, 1442-43 (9th Cir. 1991) (applying deliberate indifference standard to pretrial detainees through the Due Process Clause of the Fourteenth Amendment).

Here, the Court finds Plaintiff's allegations to be vague. Plaintiff sets forth generalized allegations regarding his health care, and names 2 individual defendants. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2)

3

the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

**B.     Grievance Process**

The only conduct charged to Defendant Captain Duncan is his participation in the inmate grievance process.  There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for

4

liability under section 1983.  <u>Buckley</u>, 997 F.2d at 495.  Plaintiff's allegations regarding Captain Duncan therefore fail to state a claim.

### III. <u>Conclusion and Order</u>

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:   **August 13, 2013**             /s/
**Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE